**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MICHIGAN**

---

ROBERT COOK d/b/a ROBERT LEE COOK and
LISA COOK d/b/a LISA ANN COOK

Plaintiffs,

Case No. 1:23-cv-843

v.

Hon. Jane M. Beckering

KELLOGG COMMUNITY CREDIT UNION,
MATTHEW F. BURNS, TRACY L. MILLER,
PAUL K. BEARDSLEE, and STEVEN L. HINKLEY

Defendants.
_____/

| | |
|---|---|
| ROBERT LEE COOK | Michelle M. McLean (P71393) |
| LISA ANN COOK | Mark D. Hofstee (P66001) |
| *In Pro Per* Plaintiffs | Bolhouse, Hofstee & McLean, P.C. |
| P.O. Box 171 | Attorneys for Defendant Matthew F. Burns |
| Tekonsha, MI 49092 | 3996 Chicago Drive, SW |
| 269-209-9275 | Grandville, MI  49418 |
| robcooksfg@gmail.com | 616-531-7711 |
| lcook4226@gmail.com | michellem@bolhouselaw.com |
| | markh@bolhouselaw.com |

_____/

## BRIEF IN SUPPORT OF DEFENDANT MATTHEW F. BURNS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(1) AND RULE 12(b)(6) IN LIEU OF ANSWER

NOW COMES, Defendant, Matthew F. Burns (hereinafter "Burns"), by and through his attorneys, Bolhouse, Hofstee & McLean, PC, and submits the following Brief in Support of his Motion to Dismiss Plaintiffs' Complaint.

### I. Motion to Dismiss Filed by Defendant Kellogg Community Credit Union and Defendant Tracy L. Miller

Defendant Matthew Burns concurs and joins with the Motion to Dismiss Plaintiff's Duplicative Complaint Pursuant to Fed. R. Civ. P. 12(b)(1) and (b)(6) in Lieu of Answer (ECF No. 7, PageID 45-73; and all exhibits, ECF 7-1, PageID 74-75; ECF 7-2, PageID 76-95; ECF 7-3,

1

PageID No. 96-99; ECF 7-4, PageID 100-105; ECF 7-5, PageID 106-109; ECF 7-6, PageID 110-113; ECF 7-7, PageID 114; and ECF 7-8, Page ID 115-116) filed by Defendant Kellogg Credit Union and Defendant Tracy L. Miller. Defendant Burns adopts their motion by reference herein as if fully rearticulated in this brief.

## II.     Background

This matter arises out of Burns' legal representation of Kellogg Community Credit Union (hereinafter "KCCU") in a foreclosure by advertisement action pursuant to MCL 600.3201 et. seq. of the real estate located at 16357 J Drive, Marshall, Michigan 49068 (hereinafter "J Drive") and subsequent summary proceedings (eviction action) in the county district court.  The Plaintiffs were the prior owners of J Drive.

On or about March 13, 2020, the Plaintiffs borrowed money from KCCU which was secured by a mortgage on J Drive. (**Exhibit 1**, Recorded Mortgage).  Plaintiffs paid on the mortgage loan for approximately eighteen (18) months, with the last recorded payment being received by KCCU on October 24, 2021.  (**Exhibit 2**, Member Account Inquiry Page).  They defaulted on the mortgage which led KCCU to initiate its remedies under the Mortgage (Ex. 1).

As a result of Plaintiffs' breach, and pursuant to Paragraph 17 of the Mortgage, KCCU provided written notice to Plaintiffs of the breach and an opportunity to cure the breach. (**Exhibit 3**, Notice of Intent to Foreclosure Letter dated February 22, 2022).  Thirty days after this notice was provided, Plaintiffs remained in breach; therefore, KCCU accelerated the balance owed and initiated the foreclosure by advertisement process.

Plaintiffs were made aware of the sheriff's sale by personal service of the notice on Plaintiff Lisa Cook on April 20, 2022 and by posting on the real property. (**Exhibit 4**, Proof of Service of Notice of Sale). The sheriff's sale occurred on May 26, 2022. (**Exhibit 5**, Recorded Sheriff's

Deed). (**Ex. 5**. pg 3-4, Affidavit of Publishing, and Affidavit of Posting). Plaintiffs never alleged any defects in the foreclosure by advertisement process as set forth in MCL 600.3212.

Plaintiff failed to redeem the property in the time period set forth in MCL 600.3240(8). Thus, six months after the sheriff's sale on November 26, 2022, KCCU became the holder of all of the rights, title, and interest which the Plaintiffs' formerly had at the time of they executed the pursuant to MCL 600.3236. Thereafter, KCCU filed an action for possession of the real property in summary proceedings in the 10th Judicial District Court of Calhoun County to legally obtain possession of the property. A summons was issued on December 15, 2022, a full 204 days after the sheriff's sale occurred. (**Exhibit 6**, Summons for possession[1]).

Plaintiffs appeared at the hearing on KCCU's complaint for possession and argued that the district court lacked jurisdiction to award KCCU possession of J Drive. The county district court disagreed, and granted KCCU a Judgment of Possession on March 28, 2023. (**Exhibit 7**- Judgment of Possession). KCCU later obtained an Order of Eviction (which was later amended to include the language of "and all occupants" as defendants). (**Exhibit 8**-Amended Order of Eviction). At no point did Plaintiffs accuse Burns of acting inappropriately or unlawfully in the foreclosure or eviction actions.

### III. Plaintiffs' Previous Cases Filed in this Court Involving The Same Claims and Parties

In a span of approximately eight months, the Plaintiffs filed four separate actions in this Court—including the present action. All four actions have consisted of claims related to the foreclosure by advertisement and subsequent eviction. See *Cook v. Kellogg Community Credit Union et. al*, No. 1:23-cv-567 (W.D. Mich. 2023); *Cook v. Kellogg Community Credit Union et. al*, No. 1:23-cv-231 (W.D. Mich. 2023); *Cook v Kellogg Community Credit Union et. al*, No. 1:23-

---

[1] This initial court date was adjourned based on the Plaintiffs' first filing in this Court naming the then Judge presiding over the matter, Tracie Tomack, as a Defendant in a prior suit. See 1:23-cv-100.

cv-100 (W.D. Mich. 2023). The three prior actions have been summarily dismissed by this Court. This fourth complaint should be dismissed as well.

### IV.     Plaintiffs' Current Claims

The Plaintiffs are taking a fourth bite at the proverbial apple. Count I alleges Conspiracy to Defraud based on the allegation that the Plaintiffs were defrauded at the time of the mortgage. Count II alleges Counterfeiting and Forgery, again related to the mortgage and security interest. Count III alleges Embezzlement and Theft, in relation to the loan and mortgage. Count IV alleges Deprivation of Rights Under Color of Law, but does not provide any additional clarifying allegations. Defendant Burns asserts that even if all of Plaintiff's allegations are taken as true, Plaintiffs' claims fail against him for the reasons stated below.

#### A.     Law and Argument

##### 1.     Fed R. Civ.P. 12(b)(1)

Fed. R. Civ. P. 12(b)(1) provides for the dismissal of an action for lack of subject matter jurisdiction. *Lyshe v. Levy*, 854 F.3d 855, 857 (6th Cir. 2017). A Rule 12(b)(1) motion for lack of subject matter jurisdiction can challenge the sufficiency of the pleading itself (facial attack) or the factual existence of subject matter jurisdiction (factual attack). See *Cartwright v. Garner*, 751 F.3d 752, 759–60 (6th Cir. 2014) (citing *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994)). A dismissal under Fed. R. Civ. P. 12(b)(1) is warranted "when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). In the present case, Plaintiffs' claims must be dismissed pursuant to Fed. R. 12(b)(6) because the complaint is both *facially* and *factually* totally implausible, attenuated, unsubstantial, frivolous, devoid of merid, and no longer open to discussion.

4

### 2.     Fed R. Civ.P. 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) allows for the dismissal of a case where the complaint fails to state a claim upon which relief can be granted. When reviewing a motion to dismiss under Rule 12(b)(6), a court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Handy-Clay v. City of Memphis,* 695 F.3d 531, 538 (6th Cir. 2012). To state a claim, a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he complaint 'does not need detailed factual allegations' but should identify 'more than labels and conclusions.' " *Casias v. Wal–Mart Stores*, Inc., 695 F.3d 428, 435 (6th Cir. 2012) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

The court "need not accept as true a legal conclusion couched as a factual allegation, or an unwarranted factual inference." *Handy-Clay*, 695 F.3d at 539 (internal citations and quotation marks omitted). In other words, a plaintiff must provide more than a "formulaic recitation of the elements of a cause of action" and his or her "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555–56. The Sixth Circuit has explained that, "[t]o survive a motion to dismiss, a litigant must allege enough facts to make it plausible that the defendant bears legal liability. The facts cannot make it merely possible that the defendant is liable; they must make it plausible." *Agema v. City of Allegan*, 826 F.3d 326, 331 (6th Cir. 2016) (citing *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)).  In the present case, the Plaintiffs did not allege any facts to make it plausible that Burns bears any legal liability, under any legal theories, alleged in the Plaintiffs' complaint.

When ruling on a motion to dismiss, the Court may consider the complaint as well as (1) documents that are referenced in the plaintiff's complaint and that are central to the plaintiff's claims, (2) matters of which a court may take judicial notice, (3) documents that are a matter of public record, and (4) letters that constitute decisions of a governmental agency. *Thomas v. Noder-Love*, 621 F. App'x 825, 829 (6th Cir. 2015); *Armengau v. Cline*, 7 F. App'x 336, 344 (6th Cir. 2001) ("We have taken a liberal view of what matters fall within the pleadings for purposes of Rule 12(b)(6)."). Burns has attached the documents which are public record and which involved the foreclosure by advertisement and the subsequent eviction proceedings which this Court can consider.

> **B.     Plaintiffs' claims relating to the foreclosure process must fail under Fed. R. Civ. P. 12(b)(1) and (6) because Plaintiffs failed to take any action during the redemption period.**

Plaintiffs' main claims appear to circle around vague allegations of fraud, forgery, and embezzlement as it relates to their mortgage and loan with KCCU. However, Plaintiffs' complaint contains mere "labels and conclusions" and is comprised of "legal conclusions couched as a factual allegations." The complaint is devoid of any factual allegations about Burns.

Moreover, Plaintiffs merely formulaically recited some of the elements of causes of action under statutes that either do not apply to Burns, or the claims are based on criminal statutes and do not give Plaintiffs standing to bring a private cause of action against Burns. In general, "a private right of action is not maintainable under a criminal statute." *Am. Postal Workers Union, AFL-CIO, Detroit Loc. v. Indep. Postal Sys. of Am.,* 481 F.2d 90, 93 (6th Cir. 1973). In cases "where there is a 'bare criminal statute, with absolutely no indication that civil enforcement of any kind was available to anyone,' a private cause of action will not be inferred." *Marx v. Centran Corp.*, 747 F.2d 1536, 1549 (6th Cir. 1984) (quoting *Cort v. Ash*, 422 U.S. 66, 80 (1975)). Again, none of the federal criminal statutes cited in Plaintiff's Complaint contemplates a private cause of action.

### C.     Count I: Conspiracy to Defraud, Title 18 USC Sect. 1005

Plaintiffs' first count titled Conspiracy to Defraud under 18 U.S.C. § 1005 should be dismissed because there is no private cause of action for a claim under this statute. Also, Plaintiffs allege conspiracy without establishing a single fact that would support a claim for conspiracy against Burns, and so this claim must be dismissed.

18 U.S.C. § 1005 involves a criminal offenses and, thus, a private cause of action may not be brought for the alleged violations of the statute. Although the provision of a criminal penalty does not necessarily preclude implication of a private cause of action for damages, where there is a bare criminal statute, with absolutely no indication that civil enforcement of any kind was available to anyone, the Sixth Circuit will not infer a private cause of action. *Marx v. Centran Corp.,* 747 F.2d 1536, 1549 (6th Cir.1984).

Plaintiffs' conspiracy allegations are conclusory claims unsupported by any facts that would give rise to a claim for civil conspiracy. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level."); *Revis v. Meldrum*, 489 F.3d 273, 290 (6th Cir. 2007) (establishing that the elements of a civil conspiracy are (1) the existence of a single plan, (2) a shared conspiratorial objective, and (3) overt act(s)).

### D.     Count I: Conspiracy to Defraud, 18 U.S.C. § 371

Plaintiff alleges that Defendant Burns violated 18 U.S.C. § 371, but this is again is a federal criminal statute which does not provide for a private right of action. *Crossett v. Emmet Cnty.*, No. 20-1268, 2020 WL 8969795, at *6 (6th Cir. Nov. 12, 2020) (citing *Cent. Bank of Denver, N.A. v. First Interstate Bank of Denver*, 511 U.S. 164, 190 (1994)); *French v. Chambers-Smith*, No. 2:22-CV-2760, 2023 WL 2615835, at *5 (S.D. Ohio Mar. 23, 2023) (finding the lack of

a private cause of action under 18 U.S.C. § 371); *Smith v. Taylor-Pederson,* No. 5:17-CV-11532, 2018 WL 2376567, at *6 (E.D. Mich. Apr. 30, 2018) (dismissing claims under numerous criminal statutes, including 18 U.S.C. § 371, for lack of a private right of action). Thus, this claim is subject to dismissal.

> **E.      Plaintiffs failed to plead fraud with particularity and cannot show any fraud or irregularity in the foreclosure and eviction procedures.**

Plaintiffs failed to plead fraud "with particularity" as required by Fed. R. Civ. P. 9(b). Under Michigan law, "[t]he general rule is that to constitute actionable fraud it must appear: (1) That defendant made a material representation; (2) that it was false; (3) that when he made it he knew it was false, or made it recklessly, without any knowledge of its truth and as a positive assertion; (4) that he made it with the intention that it should be acted upon by plaintiff; (5) that plaintiff acted in reliance upon it; and (6) that he thereby suffered injury. Each of these facts must be proved with a reasonable degree of certainty, and all of them must be found to exist; the absence of any one of them is fatal to a recovery." *SFS Check, LLC v. First Bank of Del.*, 774 F.3d 351, 358 (6th Cir. 2014) (quoting *Titan Ins. Co. v. Hyten*, 817 N.W.2d 562, 567-68 (Mich. 2012)). Federal Rule of Civil Procedure 9(b) further establishes a heightened pleading standard for fraud claims: they must be stated with particularity. See *Id.* (citing Fed. R. Civ. P. 9(b)).

Plaintiffs did not plead any specific fraudulent actions attributable to Burns. It appeas instead that Plaintiffs challenge the validity of the mortgage and foreclosure process. However, those claims must fail as Plaintiffs' remedies rested under Michigan Law, not as federal questions. Plaintiffs not only failed to plead fraud or irregularities in the foreclosure and eviction processes, they cannot prove any fraud or irregularity occurred. "Michigan foreclosure statutes provide a mortgagor six months from the date of the sheriff's sale to redeem the property, after which the mortgagor's "right, title, and interest in and to the property" are extinguished." *Conlin v. Mortgage*

*Elec. Registration Sys., Inc.,* 714 F.3d 355, 358 (6th Cir.2013) citing MCL 600.3236. "Once the statutory redemption period lapses, a mortgagor asking the courts to set aside a sheriff's sale must make a 'clear showing of fraud or irregularity.'" *Conlin* at 358. In order to prove fraud or irregularity, the Plaintiffs must show that fraud or irregularity "relates to foreclosure itself, and allege that they were prejudiced by such fraud or irregularity, that is, they must show that they would have been in better position to preserve their interests absent fraud or irregularity." *Rush v. Mac*, 792 F.3d 600, 603 (6th Cir. 2015), rehearing denied.

Here, Plaintiffs do not plead nor would they be able to prove any fraud or irregularity in the foreclosure and eviction process. Moreover, Plaintiffs did not act on their claims in a timely manner. The recorded mortgage (**Ex. 1**) signed by Plaintiffs is the controlling document as it relates to the foreclosure process in this matter in conjunction with MCL 600.3201 *et seq*. Section 17 of the Mortgage provides for remedies upon default of the mortgagor(s)—i.e.-- Plaintiffs.

KCCU properly provided written notice to the Plaintiffs of their default, and gave the Plaintiffs' an opportunity to cure the default. (Ex. 3). After the expiration of the thirty (30) day period, KCCU provided the requisite notice of the sheriff's sale by posting and publishing the notice as prescribed in MCL 600.3208 and MCL 600.3212. The notice of sheriff's sale was properly posted and published beginning on April 18, 2022. (Ex. 4). The sheriff's sale occurred on the noticed date of May 26, 2022, with KCCU being the highest bidder as allowed under MCL 600.3228, and the sheriff's deed was recorded on June 6, 2022. (Ex.4) KCCU then filed a claim for possession after the 6-month redemption period had expired pursuant to MCL 600.3240. (Ex. 6). Given that the Plaintiffs cannot show any fraud or irregularity in the foreclosure process, their claims must fail under Fed. R. Civ. P 12(b)(6) as Plaintiffs cannot prove that Burns (or any

Defendant in this matter) would be liable for any misconduct, fraud, or conspiracy as it relates to the foreclosure or eviction processes.

Plaintiffs did not file any action challenging the foreclosure until approximately January 27, 2023; well after the six-month redemption period expired on November 26, 2022. Based on the Plaintiffs failure to seek a timely remedy, and their inability to show any fraud or irregularity, their complaint and allegations as it relates to the foreclosure process should be dismissed under Fed. R. Civ. P 12(b)(6).

> **F.     Plaintiff's claims as it relates to the eviction process fail against Burns under Fed. R. Civ. P. 12(b)(1) and 12(b)(6) because Burns' actions in the eviction process is pursuant to the rights of KCCU as the holder of the Sheriff's Deed and owner of the J Drive property.**

The Plaintiffs appear to allege that Burns acted inappropriately regarding the eviction action. Specifically, the Plaintiffs claim:

> On or about the thirtieth day of the first month in the year of our Creator two thousand twenty three (30th January 2023) Respondent, Matthew F Burns (private debt collector), for Respondent, KCCU sent communication (NOTICE TO APPEAR) to ROBERT LEE COOK, legal name and LISA ANN COOK, legal name by means of private for profit business JUDICIARY COURTS OF THE STATE OF MICHIGAN dba CALHOUN COUNTY DISTRICT COURT 10 [DUNS 182739078, 619499569] attempting to collect an alleged debt by intimidation and deceit and coercion, by unlawful tactics without presenting a verified claim or authority to do so.

There is no other mention of Burns as it relates to the eviction process. Essentially, the Plaintiffs claim that Burns did not have the statutory authority to bring the summary proceeding action. However, the Plaintiffs claim is frivolous and devoid of merit as it is unsupported in law or fact under Fed. R. Civ P. 12(b)(1) and it fails to bring an actionable claim under Fed. R. Civ. P. 12(b)(6).

Pursuant to MCL 600.3236, once the redemption period expired, the Sheriff's Deed became operative and KCCU became the rightful owner of the J Drive property. The ability to

10

evict individuals from real estate is controlled by MCL 600.5701 et seq. Specifically, MCL 600.5704 states "[t]he district court, municipal courts and the common pleas court of Detroit have jurisdiction over summary proceedings to recover possession of premises under this chapter." Burns filed the Summons found in Exhibit 6 with the 10th District Court for the County of Calhoun, the proper venue under MCL 600.5706, given that Calhoun is the county where the J Drive property sits.

The Plaintiffs' claims against Burns related to the eviction fail under Fed. R. Civ P. 12(b)(1) as it is frivolous and devoid of merit. A basic reading and understanding of the summary proceeding process in Michigan by Plaintiffs would have shown them that the matter was properly filed in the Calhoun County 10th District Court. If the Plaintiffs thought that Court was improper, they had the ability to challenge jurisdiction or venue, but choose to do neither. As such, their claims should be dismissed under Fed. R. Civ P. 12(b)(1).

The Plaintiffs' claims further fail under Fed. R. Civ. P. 12(b)(6) as the Plaintiffs have not stated a claim upon which Burns could be held liable. The Plaintiffs simply claim that Burns was the person to file an eviction action against them as it relates to the J Drive property. The eviction action was proper as the Plaintiffs failed to bring a timely challenge to the foreclosure process and the Sheriff's Deed became operable with KCCU as the owner. Burns, as the attorney for KCCU, properly filed the summary proceeding in the state district court where the J Drive property sits to evict Plaintiff. Plaintiffs cannot succeed on their claim against Burns as it relates to his role in the eviction proceeding related to the J Drive property. Therefore, the claims should also be dismissed under Fed. R. Civ. P. 12(b)(6).

### G. Count II: Counterfeiting and Forgery, 18 U.S.C. § 473

Plaintiff alleges that Defendant Burns violated 18 U.S.C. § 473, but this is again is a federal criminal statute which does not provide for a private right of action. See *Hariprasad v. Master Holdings, Inc.*, 788 F. App'x 783, 786-87 (2d Cir. 2019) (no basis identified for implying a private right of action under 18 U.S.C. § 473); Malcom v. Colonial Life & Accident Co., 2022 WL 468949, at, *2-3 (E.D. Mich.) (18 U.S.C. § 471 does not provide a private right of action); *Acevedo v. Cerame*, 156 F. Supp. 3d 1326, 1329 (D.N.M. 2015) (no private right of action under 18 U.S.C. § 880).

### H. Count III: Embezzlement and Theft, 18 U.S.C. § 656

Plaintiff alleges that Defendant Burns violated 18 U.S.C. § 656, but this is again is a federal criminal statute which does not provide for a private right of action.  See, e.g., *Jenkins v. Fid. Bank*, 365 F. Supp. 1391, 1399 (E.D. Pa. 1973) (finding that 18 U.S.C. § 656 "provides no civil remedy").  See also *Campbell v. M&T Bank*, No. 3:16-CV-118, 2017 WL 1091939, at *5 (W.D. Pa. Mar. 22, 2017) (explaining that 18 U.S.C. § 656 provides no private right of action).

### I. Count IV: Deprivation of Rights Under Color of Law, 18 U.S.C. § 241

Again, 18 U.S.C. § 241 is a criminal statute and does not create a private right of action. Plaintiff has no private right of action under 18 U.S.C. § 241, and any argument that jurisdiction exists on this basis is properly rejected. See *Kafele v. Frank & Wooldridge Co*., 108 F. App'x 307, 308–09 (6th Cir. 2004) ("[A]s a private citizen, Kafele has no authority to initiate a federal criminal prosecution of the defendants for their alleged unlawful acts."); *United States v. Oguaju*, 76 F. App'x 579, 581 (6th Cir. 2003) (citation omitted). See also *Johnson v. Knox Cnty.*, No. 3:19-CV-179-KAC-DCP, 2022 WL 894601, at *6 (E.D. Tenn. Mar. 25, 2022) (providing that 18 U.S.C. § 241 does not create a private right of action); see also *Acken v. Lasley*, No. 1:22-

cv-00033-TAV-CHS, 2022 WL 3023255, at *1 (E.D. Tenn. July 7, 2022) ("[C]riminal statutes ... do not give rise to a private cause of action.").

### J. Count IV: Deprivation of Rights Under Color of Law, 18 U.S.C. § 242

18 U.S.C. § 242 is a criminal statute and does not give rise to any private civil cause of action. See *Alexander v. Sandoval*, 532 U.S. 275, 286 (2001) ("Like substantive federal law itself, private rights of action to enforce federal law must be created by Congress."). See *United States v. Oguaju*, 76 F. App'x 579, 581 (6th Cir. 2003) (holding that plaintiff had no private right of action under either criminal statute 18 U.S.C. §§ 241 or 242). Therefore, Plaintiffs' claim based on this statute should be dismissed for failure to state a claim.

## V. Plaintiffs are Vexatious Litigants and the Clerk Should be Directed Not to Docket Any of Plaintiffs' Subsequent Filings Without Explicit Authorization from the Court

The Sixth Circuit has held that district courts may properly enjoin vexatious litigants from filing further actions against a defendant without first obtaining leave of court. *Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 269 (6th Cir. 1998); see also *Filipas v. Lemons*, 835 F.2d 1145, 1146 (6th Cir. 1987). "There is nothing unusual about imposing prefiling restrictions in matters with a history of repetitive or vexatious litigation." *Feathers*, 141 F.3d at 269.

In certain circumstances an order may be entered that restrains not only an individual litigant from repetitive complaints, but "that places limits on a reasonably defined category of litigation because of a recognized pattern of repetitive, frivolous, or vexatious cases within that category." *Id.* A district court need only impose "a conventional prefiling review requirement." *Id.* A prefiling review requirement is a judicially imposed remedy whereby a plaintiff must obtain leave of the district court to assure that the claims are not frivolous or harassing. See e.g., Ortman v. Thomas, 99 F.3d 807, 811 (6th Cir. 1996). Often, a litigant is merely attempting to collaterally attack prior unsuccessful suits. *Filipas*, 835 F.2d at 1146.

13

In the present case, the Plaintiffs have filed four cases against Burns; they should not be allowed to continue their pattern of frivolous and harassing law suits. As the Ninth Circuit has recognized, "[t]he general pattern of litigation in a particular case may be vexatious enough to warrant an injunction in anticipation of future attempts to relitigate old claims." *Wood v. Santa Barbara Chamber of Commerce, Inc.*, 705 F.2d 1515, 1524 (9th Cir.1983) (citing *Pavilonis v. King*, 626 F.2d 1075 (1st Cir.1980), and *Ruderer v. United States*, 462 F.2d 897 (8th Cir.1972)), cert. denied, 465 U.S. 1081, 104 S.Ct. 1446, 79 L.Ed.2d 765 (1984).

### VI. Burns Should Be Awarded His Attorney Fees Attorney Fees for Having to Defend This Matter

A "court may assess attorney's fees under its inherent powers when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons, or when the conduct is tantamount to bad faith." *Metz v. Unizan Bank*, 655 F.3d 485, 487 (6th Cir. 2011). See also *NFP Franchising, LLC v. SY Dawgs, LLC,* 37 F.4th 369, 383 (6th Cir. 2022) (quoting *Big Yank Corp. v. Liberty Mut. Fire Ins. Co.*, 125 F.3d 308, 313 (6th Cir. 1997)). "In order to award attorneys' fees under this bad faith exception, a district court must find that 'the claims advanced were meritless, that [the person making the claims] knew or should have known this, and that the motive for filing the suit was for an improper purpose such as harassment.' " *Big Yank Corp.*, 125 F.3d at 313 (quoting *Smith v. Detroit Fed'n of Tchrs., Loc. 231*, 829 F.2d 1370, 1375 (6th Cir. 1987)).

In the present case, the Plaintiffs know that their claims lack any legal or factual merit against Burns. They roped him into this case only because he was the attorney handling the foreclosure by advertisement and subsequent eviction for KCCU. They pled no specific actions undertaken by Burns that would give rise to any theories of liability against him. Moreover, Burns is shielded by the common-law litigation privilege, which generally provides that "[s]tatements made during the course of judicial proceedings are absolutely privileged, provided they are

14

relevant, material, or pertinent to the issue being tried." *Maiden v Rozwood*, 461 Mich. 109, 134, 597 N.W.2d 817 (1999). "The purpose of absolute immunity under the judicial proceedings privilege, as it applies to attorneys, is to promote the public policy 'of securing to attorneys as officers of the court the utmost freedom in their efforts to secure justice for their clients.' " *Oesterle v Wallace,* 272 Mich App 260, 265, 725 N.W.2d 470 (2006), quoting 3 Restatement Torts, 2d, § 586, comment a, p. 247. Imposing liability against attorneys for simply seeking relief pursuant to the relevant statutes for foreclosure by advertisement and summary proceedings on behalf of their clients would chill both free access to the courts and the ability of attorneys to seek a legal remedy for their clients.

## VII.   Summary and Conclusion

For all the above stated reasons, Plaintiffs' Complaint against Defendant Burns must be dismissed in its entirety with prejudice.  Burns further respectfully requests that this Honorable Court enjoins Plaintiffs from filing future claims against him without the complaints being first screened by the Court. Last, Burns seeks an award of attorney fees for having to defend against this twaddle: the complaint is frivolous, harassing, and lacking any merit under the law or in fact.

Respectfully submitted,

Dated: September 21, 2023

Bolhouse, Hofstee& McLean P.C.
By: /s/ Michelle M. McLean
Michelle M. McLean (P71393)

Grandville State Bank Building
3996 Chicago Drive SW
Grandville MI 49418
Phone: (616) 531-7711

Attorneys for Defendant Matthew F. Burns

## CERTIFICATION OF COMPLIANCE WITH LOCAL RULE 7.2(b)(i)

The undersigned hereby certifies that this Brief complies with Local Civil Court Rule 7.2(b)(i). The length of this Brief is less than 25 pages and does not exceed ten thousand eight hundred (10,800) words. The word count, not including case caption, signature block, attachments, exhibits, and any tables is 4,912 words. This word count was provided by Microsoft Word processor version 2209.

Dated: September 21, 2023          Bolhouse, Hofstee& McLean P.C.


By: /s/ Michelle M. McLean
Michelle M. McLean (P71393)

Grandville State Bank Building
3996 Chicago Drive SW
Grandville MI 49418
Phone: (616) 531-7711

Attorneys for Defendant Matthew F. Burns