UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT COOK and
LISA COOK,

        Plaintiffs,

v.

KELLOGG COMMUNITY
CREDIT UNION, *et al.*,

        Defendants.
_____/

Case No. 1:23-cv-843

Hon. JANE M. BECKERING

## REPORT AND RECOMMENDATION

This lawsuit is filed by plaintiffs Robert Cook ("Robert") and Lisa Cook ("Lisa") (sometimes referred to as "Claimant(s)").  Here, plaintiffs are suing defendants (sometimes referred to as "Respondent(s)") Kellogg Community Credit Union (KCCU), Matthew F. Burns, Tracy L. Miller, Michigan 10th District Court Judge Paul K. Beardslee, and Calhoun County Sheriff Steven L. Hinkley.  *See* Compl. (ECF No. 1, PageID.2, 7).

Defendants Beardslee and Hinkley filed an answer to the complaint (ECF No. 12). This matter is now before the Court on two motions to dismiss.  Defendants KCCU and Miller have filed a motion to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(1) and (b)(6) (ECF No. 7).  Defendant Burns filed a motion to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) (ECF No. 13).[1]

---

[1] The Court could grant defendants' motions to dismiss because plaintiffs did not respond to the motions as required by the court rules.  *See* W.D. Mich. LCivR 7.1(a) and 7.2(c).  A plaintiff's failure to file a response to a motion to dismiss is fatal to the plaintiff's position and deemed a waiver of opposition to the relief sought in the motion.  *See Notredan, L.L.C. v. Old Republic Exchange Facilitator Co.*, 531 Fed. Appx. 567, 569 (6th Cir. 2013) (the plaintiff's failure to respond to a motion to dismiss its claim for breach of fiduciary duty amounts to a forfeiture of that claim).  However, because not all defendants moved to dismiss for lack of subject matter jurisdiction and plaintiffs' complaint is based on fantastical claims, the Court will address the subject matter jurisdiction as to all defendants.

I. **Plaintiffs' complaint**

Plaintiffs' complaint is premised on two non-sensical legal theories: (1) plaintiffs have special status as a "legal estate"; and (2) state and local governments do not exist.

Plaintiffs do not refer to themselves as individuals. Rather, plaintiffs refer to themselves as a "legal estate":

> Robert-lee and Lisa-ann: (of the family Cook) non citizen Nationals, not an enemy of the United States nor an ally with an enemy of the United States, under natural law jurisdiction, writing by special appearance on behalf of ROBERT LEE COOK and LISA ANN COOK "a Legal Estate" without waiving any rights, remedies, defenses statutory or procedural, hereinafter Claimant(s).

Compl. (ECF No. 1, PageID.7). In addition, plaintiffs refer to government institutions (Michigan's 10th District Court and Calhoun County) as private for profit businesses and refer to government officials (Judge Beardslee and Calhoun County Sheriff Hinkley) as private debt collectors.

Based on plaintiffs' allegations, the Court construes their complaint as alleging the type of "meritless rhetoric" espoused by sovereign citizens. *See United States v. Coleman*, 871 F.3d 470, 476 (2017). "The 'sovereign citizen' movement is a highly disperse, antigovernment movement." *United States v. Gooch*, 595 Fed. Appx. 524, 527, fn 1 (6th Cir. 2014). In general, sovereign citizens believe that the United States Government is a fraud and "that they, the sovereign citizens, retain an individual common law identity exempting them from the authority of those fraudulent government institutions." *Id*. (internal quotation marks omitted).

The hallmark of the sovereign citizen movement is adherence to the belief that even though the person was born and resides in the United States, "he is his own sovereign and is therefore not a United States citizen." *See Gravatt v. United States*, 100 Fed. Cl. 279, 282 (2011).[2]

---

[2] Plaintiffs meet this hallmark definition. As discussed, *supra*, plaintiffs allege that they are "non citizen Nationals, not an enemy of the United States nor an ally with an enemy of the United States."

2

"So-called sovereign citizens believe that they are not subject to government authority and employ various tactics in an attempt to, among other things, avoid paying taxes, extinguish debts, and derail criminal proceedings." *Id*. "The sovereign citizen concept hinges on a mistaken belief that federal, state, and local governments are illegitimate and therefore, laws and regulations enacted by those bodies are unenforceable." *United States v. Booker*, No. 322CR00034KDBDSC, 2022 WL 3570591 at *2 (W.D.N.C. Aug. 18, 2022).[3]  Sovereign citizen-type arguments include attempts to convince courts that their status as sovereign citizens differs from the status of the fictional individuals identified by their birth certificates.  *See generally, Potter v. United States*, 161 Fed. Cl. 24, 28 (2022).[4]  In short, arguments based on sovereign citizen theories have been uniformly rejected by the federal courts for decades and should be summarily dismissed as frivolous.  *See Von El v. Ecorse Police Department*, No. CV 22-12089, 2022 WL 7610255 at *1 (E.D. Mich. Oct. 13, 2022).

        Plaintiffs' complaint is convoluted, alleging facts through the use of non-sensical language associated with the sovereign citizen movement.[5]  On March 13, 2020, plaintiffs applied for a credit application at defendant KCCU, where non-party Jody Madry of defendant KCCU "misrepresented facts and false and misleading information regarding contract that allowed

---

[3] As discussed, *infra.*, plaintiffs do not recognize the state government (Michigan's 10th District Court) or the local government (Calhoun County and its Sheriff).

[4] As discussed, *supra*, plaintiffs Robert Cook and Lisa Cook refer to themselves as a "legal estate."

[5] While this case involves a mortgage foreclosure, issuance of a Sheriff's Deed, and eviction, plaintiffs avoid referencing these legal proceedings.  The Court notes that defendant Burns' brief includes: a copy of plaintiffs' mortgage to KCCU, dated March 13, 2020, securing a note in the principal sum of $64,000.00 (ECF No. 13-3); a "Notice of intent to commence foreclosure under the terms of the mortgage" from defendant Burns dated February 22, 2022 (ECF No. 13-5); a Sheriff's Deed on Mortgage Sale to grantee KCCU dated May 26, 2022 (ECF No. 13-7); and a Possession Judgment in favor of KCCU against Robert Cook and Lisa Cook, dated March 28, 2023, by 10th District Court Judge Paul K. Beardslee (ECF No. 13-9).

Claimant(s) to believe they were debtor(s) of the contract/credit application."). Compl. at PageID.8.

From February 22, 2022 through May 10, 2022, Respondent debt collectors Miller and Burns attempted "to collect an alleged debt by intimidation and deceit and coercion, by unlawful tactics without presenting a claim or authority to do so." *Id*. at PageID.9.

After advertising a sale of plaintiffs' property, defendants Burns and Sheriff Hinkley "commenced with a sale of Claimant(s) private land patent 12760 for their private and personal gain without a verified claim or any authority to do so" on or about May 26, 2022. *Id*.

During the Fall of 2022 (September through December), plaintiffs became aware that they were "never given any loan", that through an unintelligible process plaintiffs became "the original issuer of the funds/credits", and that respondents(s) "are in possession of contraband and holding the funds and never gave any money to Claimant(s)." *Id*. at PageID.8-9. In addition, defendants KCCU and Miller "altered the original alleged contract/credit application making it void on its face proven because it was never provided to Claimant(s)." *Id*. at PageID.9.

On January 30, 2023, defendant Burns acting for KCCU,

> sent communication (NOTICE TO APPEAR) to ROBERT LEE COOK, legal name and LISA ANN COOK, legal name by means of private for profit business JUDICIARY COURTS OF THE STATE OF MICHIGAN dba CALHOUN COUNTY DISTRICT COURT 10 [DUNS 182739078, 619499569] attempting to collect an alleged debt by intimidation and deceit and coercion, by unlawful tactics without presenting a verified claim or authority to do so.

*Id*.

Plaintiff Robert, through some type of separate legal entity, made a "special appearance" in the 10th District Court (a "private for profit business") before Judge Beardslee (a "private debt collector"):

4

> On or about the twenty eighth day of the third month in the year of our Creator two thousand twenty three (28th March 2023) Robert-lee of the family of Cook, Beneficiary for the legal name, ROBERT LEE COOK, was before the court by special appearance before Respondent, Paul K Beardslee (private debt collector) by means of private for profit business JUDICIARY COURTS OF THE STATE OF MICHIGAN dba CALHOUN COUNTY DISTRICT COURT 10 [DUNS 182739078, 619499569] and is not certified or insured to negotiate a contract and is in possession of contraband pursuant to Title 26 6324(C)(a), acted without jurisdiction which is a violation of his Constitutional oath of office, therefore Respondent, Paul K Beardslee (private debt collector) used his office of Trust for private and personal financial gain, [evidenced by CUSIP] attempting to collect an alleged debt by intimidation and deceit and coercion, by unlawful tactics without presenting a verified claim or authority to do so.

*Id*.

Finally, on May 10, 2023, defendant Calhoun County Sheriff Hinkley (referred to as a private debt collector) sent people to arrest plaintiffs:

> Steven L Hinkley (private debt collector) used his office of Trust for private for profit business CALHOUN COUNTY SHERIFF'S DEPARTMENT [DUNS 03017561 OJ, is not certified or insured to negotiate a contract and is in possession of contraband pursuant to Title 26 6324(C)(a), violated his Constitutional oath of office to defend the Constitution. and sent several of his subordinates to forcibly remove authorized representative(s) / Beneficiary(s) Cook, Robert-lee dba ROBERT LEE COOK and Cook, Lisa-ann dba LISA ANN COOK from authorized representative(s) / Beneficiary(s) private land and abode without due process of law. Respondent, KCCU , who could not be present because it is not a living people, therefore no injured party and no claim can exist pursuant to Rule 13 and Rule 17 of the Federal Rules of Civil Procedure. Authorized representative/Beneficiary Cook, Robert-lee, while at peace at the location of authorized representative(s) / Beneficiary(s) private land and was assaulted and unlawfully detained by three men, acting as agents for business CALHOUN COUNTY SHERIFF'S DEPARTMENT [DUNS 030175610], handcuffed and abducted authorized representative / Beneficiary Cook, Robert-lee dba ROBERT LEE COOK without warrant and trafficked authorized representative / Beneficiary Cook, Robert-lee dba ROBERT LEE COOK in commerce to the business CALHOUN COUNTY JAIL (161 E. Michigan Ave, Battle Creek. MI 49014). Authorized representative / Beneficiary Cook, Robert-lee dba ROBERT LEE COOK does not sign a contract or take benefits from the business CALHOUN COUNTY JAIL. Authorized representative / Beneficiary Cook, Robert-lee dba ROBERT LEE COOK is held in solitary confinement. All questions to receive paperwork or go before a magistrate is ignored.

*Id*. at PageID.9-10.

Based on these allegations, plaintiffs allege that defendants violated a variety of federal criminal statutes: Count I (Conspiracy to defraud, 18 U.S.C. §§ 1005 and 371); Count II (Counterfeiting and Forgery, 18 U.S.C. § 473); Count III (Embezzlement and Theft, 18 U.S.C. § 656); Count IV (Deprivation of Rights under Color of Law, 18 U.S.C. §§ 241 and 242). *Id*. at PageID.10-13.  For their relief, plaintiffs seek among other things: "fines and costs are three times the amount in controversy under Maritime / Admiralty" and an injunction "directing and ordering Respondent(s) not to further harass or deprive rights, to stop the sale and surrender the instrument and release of lien and reconveyance of property in conjunction with Land Patent 12760 to Claimant(s) [property located in Calhoun County, Michigan]. *Id*. at PageID.15. Finally, in a "supplement" (ECF No. 5, PageID.38) plaintiffs want "[a] release of lien and reconveyance of Cook property to be restored", compensatory damages of "-$12,060,000.00 twelve million sixty thousand U.S. silver dollars or its equivalent", and punitive damages of "-$120,600,000.00 one hundred twenty million six hundred thousand U.S. silver dollars or its equivalent."

## II. Lack of subject matter jurisdiction

### A. Legal standard

Plaintiffs' lawsuit should be dismissed for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). "Federal courts are courts of limited jurisdiction" which "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Insurance Co. of America*, 511 U.S. 375, 377 (1994). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (internal citations omitted). Federal subject-matter jurisdiction "can never be waived or forfeited." *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012). "[W]hen subject matter jurisdiction is challenged, the plaintiff has the burden of proving jurisdiction in order to survive

6

the motion to dismiss." *Giesse v. Secretary of Department of Health and Human Services*, 522 F.3d 697, 702 (6th Cir. 2008).

As discussed, defendants KCCU, Miller and Burns have moved to dismiss Burnett's actions for lack of subject matter jurisdiction. A motion under Fed. R. Civ. P. 12(b)(1) may be brought either as a facial attack or a factual attack. *Gentek Building Products, Inc. v. Steel Peel Litigation Trust*, 491 F.3d 320, 330 (6th Cir. 2007). "A facial attack is a challenge to the sufficiency of the pleading itself." *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994) (emphasis omitted).

> When reviewing a facial attack, a district court takes the allegations in the complaint as true, which is a similar safeguard employed under 12(b)(6) motions to dismiss. If those allegations establish federal claims, jurisdiction exists.

*Id*. (internal citation omitted). "On the other hand, when a court reviews a complaint under a factual attack, as here, no presumptive truthfulness applies to the factual allegations." *The Ohio National Life Insurance Company v. United States*, 922 F.2d 320, 325 (6th Cir. 1990). "When facts presented to the district court give rise to a factual controversy, the district court must therefore weigh the conflicting evidence to arrive at the factual predicate that subject matter jurisdiction exists or does not exist." *Id*.

Here, defendants KCCU and Miller appear to be making a facial attack on subject matter jurisdiction (*see* Defendant KCCU's Brief (ECF No. 7, PageID.69-71)). For his part, defendant Burns has presented attachments related to the mortgage foreclosure of plaintiffs' property and argues that he is making both a factual and facial attack on jurisdiction (*see* Defendant Burns' Brief (ECF No. 13-2, PageID.136)).

Because plaintiffs are proceeding *pro se*, the Court will read their complaint indulgently. *See Haines v. Kerner*, 404 U.S. 519 (1972). However, while *pro se* pleadings are to

be liberally construed, *see Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), "this court is not required to conjure up unpled allegations," *Dietz v. Sanders*, 100 Fed. Appx. 334, 338 (6th Cir. 2004).

Finally, independent of defendants' motions, this Court may at any time "dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999); *see also* Fed. R. Civ. P. 12(h)(3).

### B. Discussion

While defendant Burns has presented attachments related to the mortgage foreclosure, the undersigned concludes that plaintiffs' complaint should be dismissed on the basis of a facial attack because plaintiffs' allegations consist of non-sensical sovereign citizen rhetoric. As discussed, plaintiffs' lawsuit is based upon the premise that they are not people but "legal estates" and that government institutions and officials do not exist, but are merely private for profit businesses and private debt collectors. This Court has no jurisdiction for fictitious claims which are not based in law, but based in the fantasies of the sovereign citizen movement. *See Potter*, 161 Fed. Cl. at 29. Plaintiffs' claims "are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion" *Apple*, 183 F.3d at 479. Accordingly, the Court should dismiss the complaint for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).

### III. Recommendation

For these reasons, I respectfully recommend that defendants KCCU, Miller and Burns' motions to dismiss for lack of jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) (ECF Nos.

8

7 and 13) be **GRANTED**. I further recommend that the Court sua sponte **DISMISS** the remaining defendants Judge Beardslee and Sheriff Hinkley for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), and that the case be **terminated**.

Dated:  June 26, 2024 /s/ Ray Kent
RAY KENT
United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).